UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID LEFEVRE | * | CIVIL ACTION |
| VERSUS | * | NO: 05-6288 |
| BURL CAIN, WARDEN | * | SECTION: "J"(6) |

## ORDER AND REASONS

This matter is before the court pursuant to a motion (rec. doc. 46) filed by petitioner, David Lefevre, seeking to strike portions of an affidavit (rec. doc. 38-2) submitted by John E. Benz, Esq. and to exclude from evidence testimony from Mr. Benz regarding the subject matter covered in the pertinent portions of the Benz affidavit. For the following reasons, it is **HEREBY ORDERED** that the above-referenced motion is **DENIED**.

## BACKGROUND

On February 3, 2000, petitioner's case was called before Twenty-Fourth Judicial District Court Judge Robert A Pitre, Jr.[1] At the time, petitioner was represented by John E. Benz, Esq. However, in response to the court's inquiry as to whether the litigants were

---

[1] *See* State rec., vol. 5 of 8, p. 156.

"ready for trial", petitioner, David Lefevre, also known as David Lefeure,[2] informed: "Your Honor, I'd like to ask for a motion to be filed to represent myself in this proceeding."[3] Thereafter, the following colloquy ensued:

> THE COURT:
> Mr. Lefeure, I don't - - the Court doesn't think that you're capable of conducting a trial on your own. The only way the Court will let you participate in your own defense is if Mr. Benz sits with you and advises you.
>
> MR. LEFEURE:
> I'll accept his advice.
>
> THE COURT:
> You understand that you're bound by the same rules of evidence that attorneys are bound by, when you represent yourself.
>
> MR. LEFEURE:
> Yes, sir.[4]

Thereafter, the court advised petitioner of the rights he was forfeiting by choosing to represent himself.

> THE COURT:
> Mr. Lefeure, do you understand that you have a right to Counsel under the United States Constitution, and under the Constitution of the State of Louisiana?

---

[2]In several state court opinions, the petitioner is referred to as "David Lafeure", rather than "David Lefevre", the spelling provided in connection with the instant application for federal habeas corpus relief.

[3]*See* State rec., vol. 5 of 8, p. 158, lines 18-21.

[4]*See* State rec., vol. 5 of 8, p. 158, lines 22-32; p. 159, lines 1-5.

> MR. LEFEURE:
>    Yes, sir.
>
> THE COURT:
>    Do you understand that what you're doing is you're asking the Court to waive that right? Do you understand what it means?
>
> MR. LEFEURE:
>    Yes, sir.
>
> THE COURT:
>    Okay. And, do you understand that the Court is going to require Mr. Benz to sit here through the trial and assist you?
>
> MR. LEFEURE:
>    Yes, sir.
>
> THE COURT:
>    All right....[5]

Following the above colloquy, it was determined that the court would proceed with jury selection. However, prior to the prospective jurors entry into the courtroom, Lefevre moved to have his leg shackles removed. The trial court denied Lefevre's motion, ordering that his handcuffs be removed, but not his leg shackles. No reason for this restriction was provided and no inquiry was made as to whether, in light of the trial court's determination that petitioner's legs would remain shackled throughout the trial, Lefevre desired to revisit his decision to waive his right to be represented by counsel.[6]

---

[5] *See* State rec., vol. 5 of 8, p. 160, lines 14-32; p. 161, lines 1-4.

[6] *See* State rec., vol. 5 of 8, p. 161, lines 20-32; p. 162, lines 1-15.

After denying Lefevre's motion to remove his leg shackles, the trial court proceeded to select the jury. The court provided the empaneled jurors with "preliminary instructions", but provided no instruction to the effect that jurors should not construe any courtroom security measures as indicative of Lefevre's guilt or innocence. Thereafter, the court took opening statements from the prosecutor and from Lefevre, along with testimony from two witnesses, Brenda Moore and Aubrey Cox.[7] The court then, outside the presence of the jury, recommenced taking testimony in connection with a pending motion to suppress.[8] After denying the motion to suppress, the following colloquy ensued:

> THE COURT:
> Mr. Lefeure, do you want to reconsider your position with regard to representing yourself and let Mr. Benz assist you?
>
> MR. LEFEURE:
> Not if I have to totally disband my right to speak, no, sir. You know, maybe if I could get Mr. Benz in a bigger role.
>
> THE COURT:
> Well, that's between you and Mr. Benz.
>
> MR. BENZ:
> I can only advise him.

---

[7]*See* State rec., vol. 5 of 8, p. 180, lines 21-32; pp. 181-199; p. 200, lines 1-19; p. 210, lines 14-32; pp. 211-249.

[8]The court had earlier commenced hearing the motion to suppress testimony (*see* State rec., vol. 5 of 8, p. 162, lines 22-32; pp. 163-178; p. 179, lines 1-18), but had to continue the matter when necessary witnesses had not yet arrived at court. *See* State rec., vol. 5 of 8, p. 179, lines 19-32; p. 180, lines 1-22.

    THE COURT:
        All right.  Go get the jury.[9]

Following the above exchange, no further discussion was held regarding the fact that Lefevre would be representing himself in front of a jury while wearing leg shackles.

## **ANALYSIS**

Pursuant to the instant habeas corpus petition, Lefevre claims violations of his Sixth Amendment right to self-representation and his Fourteenth Amendment right to due process during trial.  In support of these claims, Lefevre has submitted a "Declaration" (rec. doc. 24-2) wherein he states, in enumerated paragraph 7:

> After several witnesses had testified, the judge asked me if I wanted to reconsider representing myself.  I said I did not want to give up my right to speak totally but I wanted Mr. Benz to play a bigger role.  Mr. Benz said he could only advise me and the judge dropped the subject and called the jury back.  **Had the judge pursued the matter, I would have agreed to having Mr. Benz represent me.  Wearing leg shackles and being excluded from the bench conferences confused and frustrated me...** [emphasis added].

Lefevre further states, in enumerated paragraph 4.a. of his Declaration: "By the second day of trial, the shackles were biting into my ankles and it was painful to move around."

In response to the above sworn statements, the State has submitted an "Affidavit" from John Benz (rec. doc. 38-2) wherein Benz attests, in enumerated paragraph 4:

> With respect to Mr. Lefevre's contention that he would have reconsidered his decision to represent himself after several witnesses had testified at trial had the judge pursued the matter, I am not aware of any information which would

---

[9]*See* State rec., vol. 5 of 8, p. 263, lines 22-32; p. 264, lines 1-5.

5

support this assertion. I do not recall during trial that the shackles affected Mr. Lefevre's decision to represent himself.

Benz further provides, in the second sentence of enumerated paragraph 5: "If Mr. Lefevre had told me that the shackles were causing him pain or that he was reconsidering his decision to represent himself because of the shackles, I would have informed the trial judge."

Lefevre has filed a motion (rec. doc. 46) seeking to strike the above-quoted portions of John Benz's affidavit and exclude from evidence any testimony from Mr. Benz regarding this subject matter. The basis of Lefevre's motion is his claim that the admission of the above-described evidence would be in violation of the attorney-client privilege.

The attorney-client privilege shields from admission confidential communications between client and attorney made for the purpose of seeking legal assistance or services. *In re Grand Jury Proceedings*, 517 F.2d 666, 670 (5th Cir. 1975). A client may waive the privilege by disclosing portions of an attorney-client communication. However, the waiver is limited to "'communications on the same matter.'" *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 n.19 (5th Cir. 1999), *quoting United States v. Woodall*, 438 F.2d 1317, 1324 (5th Cir. 1970) (en banc).

Lefevre asserts that he has not set forth, in support of the instant habeas petition, any communications with Mr. Benz regarding the matters covered in the contested portions of Benz's affidavit. *See* rec. doc. 46-2, p. 2. Therefore, Leferve contends that he has not waived his attorney-client privilege with respect to the contested material.

While the above assertion is correct, the reason for Lefevre's restraint in this regard is the absence of any communications to disclose. The contested portions of Mr. Benz's affidavit, along with testimony regarding this subject matter, represent Benz's observations, independent of any information he provided to or received from Mr. Lefevre.

In an effort to overcome the absence of any communication between attorney and client regarding the pertinent subject matter, Lefevre argues that "[s]ilence constitutes a communication"; therefore, his silence in not complaining about the shackles and not informing Benz of his second thoughts regarding his decision to represent himself, constituted communication subject to the attorney-client privilege. *See* rec. doc. 46-2, pp. 3-4. In support of this argument, Lefevre cites two cases, *United States v. White*, 970 F.2d 328 (7th Cir. 1992), and *United States v. Andrus*, 775 F.2d 825 (7th Cir. 1985). As shown below, Lefevre's reliance on these cases is misplaced.

First, in *White*, *supra,* the court specifically declined to determine whether silence could constitute a communication subject to protection under the attorney-client privilege. The court decided that it "need not reach the question" in light of its finding that the attorney-client privilege protects "only communications made for the purpose of obtaining legal advice." *Id.*, 775 F.2d at 335 (citation omitted).

Second, the matter at issue in *Andrus*, 775 F.2d at 851-852, was not what type of communication is or is not protected under the attorney-client privilege. Instead, the

pertinent issue concerned the appropriateness of the trial court's instruction to jurors that they could consider whether the defendant's "silence was an admission of the truth of the statements". The court ultimately determined that the trial court's instruction was not erroneous, reasoning: "The law on admission by silence recognizes that when a person acquiesces in certain statements, he may, under proper circumstances admit the truth of those statements. His silence, then, may be a statement." *Id*. at 852.

The above pronouncement, that "silence ... may be a statement", made in the unrelated context of the court's determination of the appropriateness of a jury charge, cannot properly be extrapolated to support Lefevre's position that silence is a statement subject to protection under the attorney-client privilege. Such a broad interpretation of the attorney-client privilege, as shown below, runs counter to applicable case law.

In *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000) (emphasis added), *citing White*, 970 F.2d at 334, the court noted that while a "violation of the attorney-client privilege is a serious matter, our case law has recognized consistently that the privilege is in derogation of the search for the truth and, therefore, **must be strictly confined**." Similarly, in *U.S. v. Robinson*, 121 F.3d 971, 975 (5th Cir. 1997) (emphasis added), *cert. denied*, 522 U.S. 1065, 118 S.Ct. 731, 139 L.Ed.2d 669 (1998), the Fifth Circuit observed that the attorney-client "privilege **is to be construed narrowly** to apply only where its application would serve its purposes".

This court finds that to broadly apply the attorney-client privilege to exclude from evidence enumerated paragraph 4 and the second sentence of enumerated paragraph 5 of John Benz's affidavit, along with Benz's testimony in this regard, would constitute an application of the privilege which does not serve the purposes for which the privilege was established.  Accordingly;

**IT IS HEREBY ORDERED** that petitioner's motion to strike enumerated paragraph 4 and the second sentence of enumerated paragraph 5 of John Benz's affidavit and exclude from evidence testimony from Benz regarding this subject matter, is **DENIED**.

New Orleans, Louisiana this 14th day of       March      , 2008.

_____
LOUIS MOORE, JR.
United States Magistrate Judge
