UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID LEFEVRE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-6288** |
| **BURL CAIN, WARDEN** | **SECTION "J" (6)** |

## REPORT AND RECOMMENDATION

Petitioner, David Lefevre, has filed with this court a motion to reopen the proceedings in the above-captioned matter under the provisions of Federal Rule of Civil Procedure 60(b). (Rec. doc. 96). This matter is before the undersigned magistrate judge pursuant to the district court's referral. (Rec. doc. 97). For the following reasons, **IT IS HEREBY RECOMMENDED** that the instant motion be **DENIED**.

## BACKGROUND

Lefevre filed with this court a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Rec. doc. 5). In his petition, Lefevre raised the following claims: (1) ineffective assistance of appellate counsel; (2) invalid waiver of the right to counsel under the Sixth and Fourteenth Amendments; (3) denial of the right to counsel at critical stages of trial when Lefevre was excluded from bench conferences; (4) denial of the right to self-representation by his

exclusion from bench conferences; (5) denial of the due process right to be present at all critical stages of trial; and (6) denial of due process by being compelled to wear shackles when representing himself. *See Lefevre v. Cain*, 586 F.3d 349, 352 (5th Cir. 2009), *cert. denied*, __ U.S. __, 130 S.Ct. 1941, 176 L.Ed.2d 381 (2010).

On September 22, 2008, the undersigned magistrate judge issued a Report and Recommendation (rec. doc. 71), finding that Lefevre had validly waived his right to counsel, but that his right to self-representation had been unconstitutionally violated by virtue of his inability, as a result of the leg shackles the state district court required him to wear during trial, to attend bench conferences and move freely about the courtroom during trial. Based upon this finding, the undersigned recommended that Lefevre's petition for writ of habeas corpus be granted. On December 8, 2008, the district court issued an Order (rec. doc. 74) wherein the court adopted the magistrate judge's Report and Recommendation, overruled the State's objections, and granted Lefevre's habeas corpus petition.

The State appealed the court's finding that Lefevre's right to self-representation had been violated. No appeal was lodged in connection with the court's finding that Lefevre had validly waived his right to counsel.

On October 26, 2009, the United States Fifth Circuit Court of Appeals reversed the court's order granting Lefevre's habeas corpus petition. *Lefevre v. Cain*, 586 F.3d at 351. The Fifth Circuit found that Lefevre waived his right to self-representation during the bench conferences due to his failure to object to stand-by counsel's participation in said conferences

in his stead.  *Lefevre*, 586 F.3d at 355-357.

## ANALYSIS

Lefevre has filed with this court a motion to reopen the above-captioned matter pursuant to Federal Rule of Civil Procedure 60(b).  "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case under a limited set of circumstances, including fraud, mistake, and newly discovered evidence."  *Gonzales v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 2645, 162 L.Ed.2d 902 (2005).[1]

The basis of Lefevre's Rule 60(b) motion is his desire to attain a ruling on two of his claims, delineated in his original habeas petition as claims (3) and (5), which he contends were never adjudicated.  In support of his motion, Lefevre cites *Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006), wherein the court determined that a petitioner's claim that a federal court failed to consider one of his habeas claims was a valid basis for a Rule 60(b) motion as it represents "a defect in the integrity of the federal habeas proceedings."  *Id*. at 1225 (citing *Gonzales*, 545 U.S. at 532, 125 S.Ct. at 2648).

---

[1] Rule 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The two claims for which Lefevre seeks rulings, which form the basis of his Rule 60(b) motion, are: 1) that he was denied his constitutional right to counsel when he, because he was acting as his own counsel, was excluded from attending bench conferences; and, 2) that he was denied his due process right to be present at all critical stages of trial.[2] However, contrary to Lefevre's assertion, these claims have been adjudicated. The Fifth Circuit Court of Appeals rejected the above claims by virtue of its finding that Lefevre, as a result of his failure to lodge an objection, waived his constitutional right to attend the critical stages of trial, i.e., the second and third bench conferences. *Lefevre*, 586 F.3d at 355-357.

Because the claims at issue have, in fact, been adjudicated, Lefevre has not set forth a proper basis for seeking to have the above-captioned matter reopened under Rule 60(b). Accordingly;

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that the instant motion to reopen filed by petitioner, David Lefevre, be **DENIED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from

---

[2] As this court found, and neither the State nor Lefevre disputed on appeal, the critical trial stages during which Lefevre was not present were the second and third bench conferences. *See Lefevre*, 586 F.3d at 354.

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[3]

New Orleans, Louisiana, this __27th__ day of _____September_____, 2010.

 

LOUIS MOORE, JR.
United States Magistrate Judge

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.